ORTEGA, P. J.
*339 Plaintiff appeals a general judgment of dismissal, which the trial court entered as a sanction for spoliation of evidence-specifically, destruction of plaintiff's email and text messages. Even though plaintiff deleted most or all of the material in question before filing her cause of action, the trial court ultimately concluded-relying on ORCP 46 D, a rule governing sanctions for discovery violations, and related case law, namely Pamplin v. Victoria , 319 Or. 429, 877 P.2d 1196 (1994) -that, because plaintiff knew when she destroyed the emails and text messages that "litigation was reasonably foreseeable," she acted willfully and that dismissal of her case was a "just" sanction. Assuming, without deciding, that ORCP 46 D and Pamplin apply to the trial court's ruling, we conclude that the trial court's dismissal sanction was not supported by the considerations set out in Pamplin for the court to properly exercise its discretion in that manner. Therefore, we reverse the order of dismissal.
The following facts found by the trial court are supported by the record. Plaintiff worked for defendant for about 12 years. In 2012, after she moved into a position in the newsroom, "several concerns [were] raised about her work in the first eight to nine months." Plaintiff took time off in September 2013 and, upon returning to work, she "was reprimanded and received follow-up on continuing concerns about her work." A month later, plaintiff notified her supervisor that she was pregnant. Work issues continued, and she was placed on a "performance improvement plan" in December 2013. Plaintiff, through her union representative, sent defendant a notice of grievance alleging "violations of her rights under the collective bargaining agreement as well as claims of discrimination, disparate treatment, and hostile work environment."
In February 2014, based on her doctor's recommendation, plaintiff took early medical leave because her doctor believed that her work environment was affecting her pregnancy. As a result, plaintiff's supervisor took over her assignments and informed her that she could not do any work while on leave, "including checking her email and voicemail." Plaintiff ignored that directive and, in March, *340 attempted to access her email account but realized that her password had been changed. Plaintiff texted her union representative and then obtained access to the account from a person in defendant's IT department. *445 With the assistance of her union representative, plaintiff began "double-deleting" her emails so that her supervisor could not trace the emails she was saving to her personal account.[1] Plaintiff was locked out of her email account again but obtained access a second time using the same method of bypassing her supervisor. Her supervisor noticed that she had accessed her work email and had deleted some messages.
Defendant requested a meeting with plaintiff in March 2014 to inquire about why she had accessed her email account and to discuss a potential severance agreement. Plaintiff, through her union representative, refused to agree to a severance, and she was terminated for insubordination, dishonesty, and destruction of evidence and company property. She hired an attorney later that year and filed her cause of action in August 2015.
Through a discovery request, defendant became aware that text messages between plaintiff and her union representative were not disclosed-specifically, messages between 2010 and 2013. It is unclear from the record at what point plaintiff began deleting the text messages, though she admitted that she had in fact deleted some messages. Defendant moved for sanctions for spoliation of evidence, asking the court to dismiss plaintiff's cause of action with prejudice on the theory that she had a duty to preserve those emails and text messages because she knew or had a reason to know that litigation was likely at the time she deleted them. Defendant cited ORCP 46 D as the source of the court's authority to impose such a sanction, and further relied on federal case law and FRCP 37 to argue that plaintiff's actions were equivalent to destruction of evidence during litigation justifying the sanction of dismissal.
Without addressing the court's authority to impose a sanction under ORCP 46 D, plaintiff responded that the court should not dismiss her case because her actions were *341 not willful or in bad faith and there was no evidence that defendant was prejudiced by her actions. Plaintiff asserted that all of the emails and text messages were recoverable and that if there was evidence that could not be located, in order to "balance defendant's harm from the missing evidence against [plaintiff's] right to have this case decided on the merits," the remedy should be an adverse instruction. At a pretrial hearing, the court found that plaintiff had intentionally and without authorization destroyed evidence relevant to her case, but did not dismiss her cause of action.
After hearing all the evidence at trial, the court found that plaintiff knew that "litigation was reasonably foreseeable" at the time of the destruction. It further found that plaintiff's
"conduct was clear, purposeful, and methodical. When she deleted those e-mails she was attempting to remove any record of reasons other than her pregnancy for having been placed on a performance improvement plan."
Accordingly, the court upheld the pretrial finding of intentionality and concluded that plaintiff had willfully destroyed emails that were unfavorable to her.
To determine the sanction to impose, the court considered the purpose of the sanction and noted that ORCP 46 does not deal "specifically with the duty to preserve electronically stored data." Nevertheless, the court went on to conclude that, although the harshest punishment, dismissal was the appropriate sanction, citing Pamplin , in which the Supreme Court addressed imposition of the sanction of dismissal under ORCP 46 B for failure to obey an order to provide discovery:
"[A]nything short of dismissal in this case would be unjust. * * * [T]he truth is that, other than perjury, * * * [there is not a single] act that a party could engage in that would be more destructive to our judicial system. And although Pamplin doesn't require prejudice to the nonspoliating party * * * we can look to-and Pamplin suggests that we even should look to prejudice to the legal system. And it is a factor *446 that [the Court] weighs heavily in this decision. * * * [T]he integrity of our system depends on everybody coming forward and bringing all the evidence to the table so that *342 both parties can examine it, scrutinize it, and have sort of an even playing field. And when a party engages in conduct that manipulates the record just in an attempt to gain the upper hand, fundamental fairness just isn't possible. And pretending otherwise, in this Court's view, would make a mockery of our system."
On appeal, the parties renew their arguments from below and urge us to review the trial court's decision to dismiss this case for abuse of discretion. Although plaintiff does not challenge the court's finding that she willfully destroyed the emails and text messages, she argues that her actions did not threaten the integrity of the judicial process because she did not disobey a court order or otherwise disregard the court's authority.
In general, in assessing whether the court's exercise of discretion is within allowable limits, we must examine the source of the discretion in order to determine the range of permissible, legally correct outcomes. See generally Phan v. Morrow , 185 Or. App. 628, 633, 60 P.3d 1111 (2003) (reversing the trial court's order dismissing a petitioner's claim based on a determination that the trial court did not have the inherent authority to dismiss a case absent an explicit rule giving it the authority to do so); see also McCollum v. Kmart Corporation , 228 Or. App. 101, 113-14, 207 P.3d 1200 (2009), vac'd on other grounds , 347 Or. 707, 226 P.3d 703 (2010) ("Abuse of discretion, as a legal term of art, means that the court's action or decision was not within the range of legally correct discretionary choices and did not produce a permissible, legally correct outcome." (Internal quotation marks omitted.) ). However, in this case, the source of the court's discretion, though assumed by the parties and the court, is not clear.
Defendant relies on ORCP 46 D as the source of such discretion. Under that rule,
"[i]f a party * * * fails to * * * comply with or to serve objections to a request for production * * *, after proper service of the request, the court where the action is pending on motion may make any order in regard to the failure as is just including, but not limited to, any action authorized under paragraph[ ] * * * (B)(2)(c) of this rule."
*343 ORCP 46 B(2)(c), in turn, provides for an order "dismissing the action or any part thereof." Plaintiff essentially concedes that ORCP 46 affords the court with discretion to impose sanctions, including the sanction of dismissal, for "spoliation of evidence," and she focuses her argument on the effect of her actions in deleting the emails to support her view that the sanction of dismissal was outside the range of allowable discretion.
We note that it is not clear to us that ORCP 46 D provides a trial court with authority to dismiss an action as a sanction for destruction of material that potentially could become evidence in later litigation, although neither the parties nor the trial court grappled with that issue. The arguments below and the trial court's analysis focused on evaluating whether the particular sanction of dismissal was warranted under the framework for the court's exercise of discretion established in Pamplin , in which, as noted, the Supreme Court assessed whether the court abused its discretion in dismissing a case under ORCP 46 B(2)(c) after the plaintiff failed to comply with a court order. 319 Or. at 431-32, 877 P.2d 1196.[2] However, in Pamplin , the court's authority to impose dismissal as a sanction under ORCP 46 was clear in a way that is not true in this case; we do not understand how ORCP 46 (or the court's "inherent authority," as cited by the trial *447 court[3] ) affords the trial court the authority to dismiss a case for destruction of material that might become evidence in potential litigation-actions taken before any request for production is made. However, because plaintiff did not question that premise before the trial court and likewise on appeal does not challenge the source of the court's authority to order dismissal, we do not address that question. *344 Assuming, without deciding, that the framework established in Pamplin governs the trial court's ruling in this case, we conclude that the court did not meet its obligation to explain why the sanction of dismissal was "just" under a correct understanding of Pamplin . Under circumstances where the sanction of dismissal is authorized under ORCP 46, a trial court imposing such a sanction is required to "explain why that sanction is just." Pamplin , 319 Or. at 431, 877 P.2d 1196. The trial court in this case failed to offer such an explanation; its reasoning instead focused on plaintiff's conduct without also considering the effect and relative magnitude of that conduct in the circumstances of the whole case. Although the Supreme Court in Pamplin held that a determination of prejudice was not absolutely necessary before the trial court could correctly order dismissal of the case as a sanction, it nevertheless recognized that prejudice is a significant consideration in the analysis in many cases. Id. at 436, 877 P.2d 1196. To properly exercise discretion to impose the sanction of dismissal, the court must consider more than the egregiousness of the conduct being sanctioned. See id. at 436-37, 877 P.2d 1196 ("To assess the propriety of * * * [a given] sanction, an appellate court needs to know * * * the analytical process by which the trial court concluded that dismissal is 'just' in view of [the] facts and in view of the other sanctions that are available.") The court had to consider the effect of plaintiff's conduct in the context of the case as a whole, including whether and to what extent it prejudiced defendant and, if prejudice to defendant was not an issue, why that was not significant in the context of this case. Because the court failed to do so, the court did not properly support its exercise of discretion to dismiss the case as a sanction; accordingly, we reverse and remand.
Reversed and remanded.

That is, plaintiff deleted the record of the email as a forwarded email and then removed that deletion from the trash folder.

The court in Pamplin held that, for a trial court to impose a sanction of dismissal, the court "must make findings of fact and must explain why that sanction is 'just'; that a finding of willfulness, bad faith, or fault of a similar degree on the part of the disobedient party is required; and that a finding of prejudice to the party that sought recovery is not required." 319 Or. at 431, 877 P.2d 1196. In reversing our decision affirming the dismissal, the court concluded that meaningful appellate review was not possible "because of the unresolved factual questions in the record." Id. at 437, 877 P.2d 1196.

The trial court cited ORCP 46 D, as well as its "inherent authority" under ORS 1.010 to "provide for the orderly conduct of proceedings," but did not identify any other support for the view that the court's inherent authority includes the discretion to dismiss a case as a sanction for prelitigation destruction of potential evidence.