Argued and submitted September 22, 2020, reversed and remanded
September 9, 2021

Steven LAACK
and Robin Laack as Trustees of
the Laack Family Trust,
*Plaintiffs-Respondents,*

*v.*

Fernando BOTELLO,
an individual,
*Defendant-Appellant.*

Marion County Circuit Court
17CV33427; A169737

498 P3d 839

In this dispute between neighbors, plaintiffs' complaint sought to quiet title to two strips of land. Plaintiffs additionally sought damages for defendant's trespass. Defendant answered the complaint and filed counterclaims for adverse possession. After defendant's counsel failed to appear at several status conferences, the trial court sanctioned defendant by striking defendant's responsive pleadings and dismissing his counterclaims. The court then entered an order and judgment of default in favor of plaintiffs. Defendant appeals the judgment, assigning error to the imposition of the sanctions and the order and judgment of default. *Held*: The trial court lacked authority and erred in striking defendant's pleading as a sanction for the nonappearance at status conferences and, consequently, also erred in entering a default order and judgment for plaintiffs.

Reversed and remanded.

Audrey J. Broyles, Judge.

David Wallace argued the cause for appellant. Also on the briefs was Wallace Law Firm.

Tobias Tingleaf argued the cause for respondents. On the brief was Steve Elzinga.

Before Armstrong, Presiding Judge, and Shorr, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Reversed and remanded.

## ARMSTRONG, P. J.

In this dispute between neighbors, plaintiffs' complaint sought to quiet title to two strips of land. Plaintiffs additionally sought damages for defendant's trespass. Defendant answered the complaint and filed counterclaims for adverse possession. After defendant's counsel failed to appear at several status conferences, the trial court sanctioned defendant by striking defendant's responsive pleadings and dismissing his counterclaims. The court then entered an order and judgment of default in favor of plaintiffs. Defendant appeals the judgment, assigning error to the imposition of the sanctions and the order and judgment of default. We conclude that the trial court lacked authority to strike defendant's pleading and therefore erred in doing that and, consequently, also erred in entering a default order and judgment for plaintiffs. We therefore reverse and remand.

Plaintiffs and defendant own adjacent properties on River Road NE in Salem, Oregon, and they dispute the ownership of two strips of land along the borders of their respective properties. In August 2017, on behalf of the family trust for which they are trustees, plaintiffs filed the complaint in this proceeding, seeking a declaration of their ownership of the strips and damages for defendant's alleged trespass. After plaintiffs threatened to seek an order of default, defendant made an appearance in plaintiffs' action by filing an answer, affirmative defenses, and counterclaims.

But over the next year, defendant's counsel failed to appear at three of five status conferences.[1] At the first status conference, in April 2018, plaintiffs' counsel appeared, and defendant's counsel appeared late and by telephone, without the court's permission. The court admonished defendant's counsel. In June 2018, defendant's counsel failed to appear at the second status conference, and the court rescheduled it, with a notice including a warning that "FAILURE TO APPEAR WILL RESULT IN ADVERSE ACTION." Defendant's counsel failed to appear at the rescheduled

---

[1] Plaintiffs have conceded that the parties' expectations were that the parties would appear at the status conferences through counsel and not that the parties themselves would appear.

third status conference. As a sanction for defendant's counsel's second failure to appear, the court struck defendant's responsive pleading and then granted plaintiffs' motion for an order of default.

Defendant's counsel filed a motion to set aside the default, along with an affidavit in which counsel apologized for failing to appear at status conferences and explained that he had been distracted in the previous month by his daughter's health issues. The court granted defendant's motion, reinstated the responsive pleadings, and set aside the default. But as a sanction, the court imposed a penalty of $5,000 for payment of plaintiffs' attorney fees.

Defendant then filed a motion for summary judgment on his counterclaims of adverse possession of the disputed strips. Shortly thereafter, both parties' attorneys appeared at a fourth status conference.

The trial court then referred the case for a settlement conference, which, at the last minute, defendant's counsel asked to have rescheduled. Defendant's counsel updated the trial court by letter.

Pending the rescheduled settlement conference, in November 2018, the court notified the parties by email of a fifth status conference. That notice again stated that "[f]ailure to appear at the time and place noted above may result in an order or judgment being entered against you in the case." Defendant's counsel did not open the email and failed to appear at the status conference.

The trial court was frustrated with defense counsel's lack of diligence, concerned about the age of the case, and perceived that the case was not moving forward. From the bench, the court granted plaintiffs' motion for an order of default and stated that it would not consider setting the order aside. The court's default order recited the case's procedural history and ordered that defendant's responsive pleading "is stricken from the record" and that "[d]efendant is in default due to his failure to appear." The ensuing general default judgment awarded the disputed property to plaintiffs in "fee simple absolute" and awarded them $9,750.00 in damages for trespass and $6,702.50 in attorney fees.

Defendant filed a motion to set aside the default order and judgment. Defendant argued that the trial court lacked the authority to strike defendant's pleadings and further asserted that the default order and judgment were void because the court and plaintiffs had not complied with the procedures in ORCP 69 and UTCR 5.100. Defense counsel's accompanying affidavit explained that the failure to appear at the fifth status conference was unintentional, the result of "scheduling errors and being out of town," a busy calendar, and a short work week due to the Thanksgiving holiday. The court denied the motion without a hearing.

Defendant appeals, assigning error to the court's sanctions striking defendant's responsive pleadings and dismissing his counterclaims and to the entry of the order and judgment of default. We review whether the trial court had authority to impose the sanction for legal error. *Phan v. Morrow*, 185 Or App 628, 633, 60 P3d 1111 (2003).

The trial court did not identify the authority under which it purported to act in striking defendant's responsive pleadings and dismissing his counterclaims. On appeal, plaintiffs contend that the court had "inherent" authority under ORS 1.010[2] to maintain the orderly conduct of the proceedings and to compel compliance with its orders, by imposing graduated sanctions for defense counsel's failure to appear at the status hearings.

But, as we held in *Phan*, the striking of pleadings and the dismissal of claims as a sanction is not within the court's authority under ORS 1.010 and must be statutorily authorized. 185 Or App at 633. Although the court could have found defense counsel to be in contempt and imposed sanctions against counsel for his failure to comply with the court's orders to appear at status conferences, *see* ORS 1.020 (providing that, "for the effectual exercise of the powers specified in ORS 1.010, the court may punish for contempt in the cases and the manner provided by statute");

_____

[2] ORS 1.010 provides the court with authority

"(2) To enforce order in the proceedings before it, or before a person or body empowered to conduct a judicial investigation under its authority.

"(3) To provide for the orderly conduct of proceedings before it or its officers."

ORS 33.025(1) ("The power of a court to impose a remedial or punitive sanction for contempt of court is an inherent judicial power."), there is no statutory authority to impose as sanctions the striking of defendant's responsive pleadings and the dismissal of his counterclaims.

In light of our conclusion that the trial court erred in striking defendant's responsive pleadings, there was no basis for the court's determination that defendant was in default for want of a responsive pleading, *see* ORCP 69 A, or for entry of the order and judgment of default. *See Lovette and Lovette*, 139 Or App 550, 555, 913 P2d 333 (1996) ("It was error to enter a judgment that purported to find husband in default, because he was not in default. He had filed an appearance. Under ORCP 69 A, he had not failed to "plead or otherwise defend.").[3]

We appreciate the trial court's frustration with defense counsel's seeming inattentiveness and failure to move the case along, but, in the absence of explicit statutory authorization,[4] we conclude that the trial court lacked

---

[3] If and to the extent that the trial court entered the default order as a sanction for missing the status conferences, it did not have the statutory authority to do that, *see Phan*, 185 Or App at 643, and the order and judgment of default were erroneous for that additional reason.

In view of our conclusion that the court lacked authority to impose the sanctions, we do not address whether the court abused its discretion by imposing them. We also do not address defendant's contentions that the court failed to comply with the procedures in ORCP 69 and UTCR 5.100 in entering the order of default, or erred in failing to rule on defendant's motion for summary judgment, which the court will have an opportunity to address on remand.

[4] There are many statutory authorizations for courts to strike pleadings and enter orders and judgments of default. For example, in the context of discovery violations, ORCP 46 B(2) provides, in relevant part:

"If a party *** fails to obey an order to provide or permit discovery, *** the court in which the action is pending may make such orders in regard to the failure as are just, including among others ***

"*****

"B(2)(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering judgment by default against the disobedient party."

And ORCP 54 B(1) provides:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of a court, a defendant may move for a judgment of dismissal of an action or of any claim against such defendant."

statutory or inherent authority to sanction defendant by striking defendant's responsive pleadings and dismissing his counterclaims and, therefore, erred in entering an order and judgment of default.[5]

Reversed and remanded.

---

ORS 419B.819(7) provides:

"If a parent fails to appear for any hearing related to the [termination] petition, or fails to file a written answer, as directed by summons or court order under this section or ORS 419B.820, the court, without further notice and in the parent's absence, may:

"(a) Terminate the parent's rights or, if the petition seeks to establish a permanent guardianship, grant the guardianship petition either on the date specified in the summons or order or on a future date; and

"(b) Take any other action that is authorized by law."

Uniform Trial Court Rule (UTCR) 1.090(2) provides:

"For willful and prejudicial resistance or refusal to comply with UTCR or [supplementary local rules], the court, on its own motion or that of a party after opportunity for a hearing, may do any of the following:

"* * * * *

"(d) Treat as established an allegation or claim."

ORAP 8.05(3) provides:

"If a defendant in a criminal case, a petitioner in a post-conviction relief proceeding, a plaintiff in a habeas corpus proceeding, a petitioner in a parole review proceeding, or a petitioner in a prison disciplinary case, on appeal of an adverse decision, escapes or absconds from custody or supervision, the respondent on appeal may move for dismissal of the appeal. If the appellant has not surrendered at the time the motion is decided by the court, the court shall allow the motion and dismiss the appeal or judicial review."

There are limited circumstances in which a court has inherent authority to dismiss a proceeding. In *Zimmerman v. State of Oregon*, 191 Or App 52, 58, 79 P3d 910 (2003), we held that a post-conviction court has inherent authority to dismiss an action for post-conviction relief if the petitioner has absconded and remains absent when the action is commenced.

In *Pruett and Pruett*, 185 Or App 669, 677, 60 P3d 1094, *rev den*, 335 Or 443 (2002), we held that the Court of Appeals has inherent discretionary authority to entertain the state's motion to dismiss the appeal of a defendant who has failed to voluntarily surrender to custody or report to supervision as required by a judgment under appeal or a conditional release document.

In *Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 376 P3d 960 (2016), the court adhered to its opinion in *Reed v. First Nat. Bank of Gardiner*, 194 Or 45, 55, 241 P2d 109 (1952), that, because the efficient and diligent litigation of disputes is an essential public policy interest, "[t]he power of a court to dismiss an action for want of prosecution is an inherent power, and it exists independently of statute or rule of court." Plaintiffs do not argue, and the trial court did not state, that the counterclaims were dismissed for want of prosecution. Nor would this record support such a rationale.

[5] We reject without discussion plaintiffs' contention that any error was harmless.