Argued and submitted January 19, reversed and remanded October 27, 2021, petition for review denied April 21, 2022 (369 Or 675)

Serena MARKSTROM,
*Plaintiff-Appellant,*

*v.*

GUARD PUBLISHING COMPANY,
an Oregon corporation,
dba The Register Guard,
*Defendant-Respondent.*

Lane County Circuit Court
15CV23028; A171966

501 P3d 71

Plaintiff was discharged from her employment as a reporter with defendant and brought a civil action alleging gender discrimination, ORS 659A.030(1)(a) and (b), and violation of Oregon's family-leave law, ORS 659A.150 to 659A.186. The trial court found that plaintiff had destroyed evidence before she had initiated the litigation and dismissed plaintiff's claims as a sanction for spoliation of evidence, believing that it had authority to impose that sanction under ORS 1.010 and ORCP 46 D. Plaintiff appeals, challenging the trial court's authority to impose the sanction. *Held*: The trial court lacked authority, under either ORS 1.010 or ORCP 46 D, to dismiss plaintiff's claims based on plaintiff's destruction of evidence before the litigation had been initiated.

Reversed and remanded.

Josephine H. Mooney, Judge.

Matt Malmsheimer argued the cause for appellant. Also on the briefs were Christopher Lundberg, and Haglund Kelly LLP.

Janet M. Schroer argued the cause for respondent. Also on the brief were Ruth Ann Casby and Hart Wagner LLP.

Before Armstrong, Presiding Judge, and Tookey, Judge, and James, Judge.

ARMSTRONG, P. J.

Reversed and remanded.

**ARMSTRONG, P. J.**

Plaintiff was terminated from her employment with defendant Guard Publishing Company dba The Register-Guard and brought a civil action alleging gender discrimination, ORS 659A.030(1)(a) and (b), and violation of Oregon's family-leave law, ORS 659A.150 to 659A.186. The trial court dismissed plaintiff's claims as a sanction for spoliation of evidence. We conclude that the trial court erred and therefore reverse.

We draw our summary of the facts relevant to the issue on appeal from the trial court's findings, from the record, and from our opinion in *Markstrom v. Guard Publishing Co.*, 294 Or App 338, 342-44, 431 P3d 443 (2018), *rev den*, 364 Or 849 (2019). Plaintiff worked for defendant as a reporter beginning in 2002. After plaintiff transferred to a new position, plaintiff's supervisor began to express concerns about plaintiff's work. In September 2013, plaintiff received a reprimand and follow-up concerning her work.

Plaintiff became pregnant. In October and November 2013, she spoke with employer about the availability of different types of leave, including family leave under the Family Medical Leave Act (FMLA). On November 12, 2013, plaintiff filed a request to use FMLA leave intermittently during her pregnancy. On that same day, plaintiff received a written reprimand relating to her work on a story.

On November 13, 2013, plaintiff attended a meeting with her supervisor during which the supervisor described deficiencies in plaintiff's work. The supervisor followed up with an email list of plaintiff's work deficiencies. In January 2014, plaintiff agreed to a performance-improvement plan.

On the recommendation of her doctor, in February 2014, plaintiff began taking a medical leave. Plaintiff's supervisor instructed her that, while she was on leave, she should not work or use her work email.

Defendant learned that, while on leave, and contrary to her supervisor's instruction, plaintiff had gained access several times to her work email and had deleted

emails. While plaintiff was still on leave, defendant gave plaintiff the option to accept a severance package or to be terminated. After plaintiff declined the severance package, defendant terminated plaintiff's employment. Plaintiff brought this action, alleging that the termination was motivated by plaintiff's pregnancy and requested leave.

In her complaint, plaintiff acknowledged that, in violation of employer's direction, plaintiff had gained access to her work email account and had forwarded and deleted some 400 email messages. Defendant learned through discovery that plaintiff had also deleted text messages between herself and her union representative.

Defendant ultimately recovered much of the deleted material through discovery, but plaintiff admitted that it was possible that some emails were never recovered. Defendant sought dismissal of plaintiff's claims as a sanction for plaintiff's "spoliation" of evidence. Defendant cited ORCP 46 D as the source of the court's authority to impose a sanction of dismissal. *Id.* at 340.

The trial court found that "there has been a Spoliation of Evidence by Plaintiff in this case in the form of intentional and unauthorized deletion of Email from a Register Guard account and the deletion of text messages relevant to this case." But the court initially declined to impose a sanction of dismissal.

Then, after the case had been tried and before the jury had returned a verdict, the court determined that dismissal of plaintiff's claims was the appropriate sanction for plaintiff's destruction of evidence.[1] In its judgment of dismissal, the court cited ORCP 46 D as authority for the

---

[1] The court found that plaintiff had intentionally and deliberately deleted the emails "in an effort to manipulate the record in the face of reasonably foreseeable litigation," "to remove any record of reasons other than her pregnancy for having been placed on a performance improvement plan." The court reasoned: "The incomplete record that was created here is unlikely to form the basis of a true and valid verdict." Stating that it was following the Supreme Court's guidance in *Pamplin v. Victoria*, 319 Or 429, 877 P2d 1196 (1994), the court determined that a sanction of dismissal with prejudice was appropriate, because "anything short of dismissal would be unjust."

sanction, as well as the court's authority under ORS 1.010 to "provide for the orderly conduct of proceedings."

Plaintiff appealed, arguing that the trial court had abused its discretion in imposing a sanction of dismissal in lieu of a less onerous penalty. We reversed and remanded the judgment, holding that, assuming the court had authority to impose a sanction of dismissal, the trial court had failed to "properly support its exercise of discretion." *Markstrom*, 294 Or App at 344.[2]

We noted in *Markstrom* that there was a question whether the trial court had authority to dismiss plaintiff's claims as a sanction, but we did not address that issue, because it had not been raised by the parties. *Id*. at 342-43. On remand, plaintiff argued that the trial court did not have authority to dismiss the case and also reiterated her contention that, assuming the court had that authority, the court had abused its discretion in doing so.

The trial court again dismissed plaintiff's claims. The court explained its view that ORS 1.010 and ORCP 46 D

---

[2] We explained:

"Assuming, without deciding, that the framework established in *Pamplin* governs the trial court's ruling in this case, we conclude that the court did not meet its obligation to explain why the sanction of dismissal was 'just' under a correct understanding of *Pamplin*. Under circumstances where the sanction of dismissal is authorized under ORCP 46, a trial court imposing such a sanction is required to 'explain why that sanction is just.' *Pamplin*, 319 Or at 431. The trial court in this case failed to offer such an explanation; its reasoning instead focused on plaintiff's conduct without also considering the effect and relative magnitude of that conduct in the circumstances of the whole case. Although the Supreme Court in *Pamplin* held that a determination of prejudice was not absolutely necessary before the trial court could correctly order dismissal of the case as a sanction, it nevertheless recognized that prejudice is a significant consideration in the analysis in many cases. *Id*. at 436. To properly exercise discretion to impose the sanction of dismissal, the court must consider more than the egregiousness of the conduct being sanctioned. *See id*. at 436-37 ('To assess the propriety of * * * [a given] sanction, an appellate court needs to know * * * the analytical process by which the trial court concluded that dismissal is 'just' in view of [the] facts and in view of the other sanctions that are available.') The court had to consider the effect of plaintiff's conduct in the context of the case as a whole, including whether and to what extent it prejudiced defendant and, if prejudice to defendant was not an issue, why that was not significant in the context of this case. Because the court failed to do so, the court did not properly support its exercise of discretion to dismiss the case as a sanction; accordingly, we reverse and remand."

*Id*. at 344.

provided the court with authority to punish prelitigation misconduct.[3]

Plaintiff appeals again, asserting that the trial court exceeded its authority and abused its discretion in dismissing her claims. Defendant responds that the question of the court's authority to impose the sanction of dismissal has not been preserved and is not properly before us, but, if we were to consider the issue, defendant contends that we should conclude that the court has explicit statutory authority to impose the sanction under ORS 1.010 and ORCP 46, and inherent authority to impose the sanction to preserve order in judicial proceedings and punish abusive litigation tactics.

We are not persuaded by defendant's argument that the issue of the court's authority to impose a sanction is not preserved or properly before us. Contrary to defendant's contention, we did not limit the remand in *Markstrom* to the issue of the trial court's discretion to impose dismissal as a sanction. Although our decision to reverse and remand the judgment was based on the court's error in its exercise of discretion, we did not limit the remand to that issue or otherwise preclude plaintiff from raising the issue of the court's authority.

In *Allen v. Premo*, 251 Or App 682, 686, 284 P3d 1199 (2012), we explained that when, as here, our disposition "specifies, *in toto*, 'Reversed and remanded,' the 'reversed' part of the tagline negates the appealed judgment or order and the 'remanded' part sends the case back to the lower tribunal as though the original proceeding did not occur." It is true that *Allen* explained that "[t]here may be exceptions, such as when something in the text of the opinion itself clearly indicates that the remand is partial." *Id.* But no exception applies here. Our remand in essence afforded plaintiff the opportunity to raise the issue of the trial court's

---

[3] The court explained:

"The discretion in carrying out its duty to the parties must include the ability of the trial judge to consider pre-litigation conduct of the parties that was intended to directly [affect] the proceeding. Otherwise, parties need only destroy evidence ahead of filing to avoid negative consequences. That would not further justice."

authority that she had not raised in her first appeal. Indeed, as noted, on remand, she did raise it and the trial court did address its authority to impose the sanction of dismissal. The issue of the trial court's authority is properly before us.

We review for legal error whether the trial court had authority to impose the sanction. *Phan v. Morrow*, 185 Or App 628, 633, 60 P3d 1111 (2003). After this case was argued, we held in *Laack v. Botello*, 314 Or App 268, 272-73, 498 P3d 839 (2021), that a court does not have inherent authority to strike pleadings or claims and that such sanctions must be statutorily authorized. *Cf. Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F3d 337 (9th Cir 1995) (noting inherent power of federal courts to impose litigation-ending sanctions). We also held that ORS 1.010 is not a statutory source for that authority. *Laack*, 314 Or App at 272 ("[T]he striking of pleadings and the dismissal of claims as a sanction is not within the court's authority under ORS 1.010 and must be statutorily authorized."). Thus, the trial court was mistaken that it had inherent authority or authority under ORS 1.010 to impose the sanction of dismissal.

The trial court also lacked authority to dismiss the claims under ORCP 46. ORCP 46 B lists dismissal among the sanctions that a court may impose for discovery violations:

> "If a party *** fails to obey an order to provide or permit discovery, *** the court in which the action is pending may make any order in regard to the failure as is just including, but not limited to, the following:

> "* * * * *

> "B.(2)(c)  *** An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof, or rendering a judgment by default against the disobedient party."

ORCP 46 D provides that, if a party fails to appear at a deposition or fails to comply with or to serve objections to a request for production or inspection, the trial court is authorized to impose the sanctions authorized by ORCP 46 B(2)(a), B(2)(b), and B(2)(c).

The trial court here believed that sanctions for plaintiff's prelitigation conduct were authorized by ORCP 46 D. But ORCP 46 D unambiguously applies only in two circumstances—when a party (1) fails to appear for a deposition or (2) fails "to comply with a request for production submitted under ORCP 43, after proper service of the request." ORCP 46 D. We decline to expand the rule's applicability to encompass plaintiff's prelitigation conduct, which did not involve either of those circumstances.

Unlike the Federal Rules of Civil Procedure, *see* FRCP 37(e),[4] no Oregon statute or rule of which we are aware authorizes the dismissal of a claim as a sanction for a prelitigation failure to preserve evidence. Thus, we conclude that the trial court lacked authority to dismiss plaintiff's claims. In light of that conclusion, we do not address plaintiff's alternative contention that the trial court abused its discretion by imposing a sanction of dismissal in lieu of other, less onerous, sanctions.

Reversed and remanded.

---

[4] FRCP 37(e) provides that a court has authority to dismiss an action upon a finding that "electronically stored information * * * should have been preserved in the anticipation or conduct of litigation."