Submitted May 28, 2015, affirmed October 19, 2016, petition for review denied January 13, 2017 (360 Or 752)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BARRY JOE STULL,
aka Barry Joe Stully,
aka Barry J Stull,
aka Barry Jo Stully,
*Defendant-Appellant.*

Multnomah County Circuit Court
120748606, 120748647, 120748681,
120748794, 120950742;
A153698 (Control), A153878,
A153879, A153880, A153881

386 P3d 122

Peter Gartlan, Chief Defender, and Eric Johansen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Barry Joe Stull filed a supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and DeHoog, Judge.

**EGAN, J.**

Defendant appeals a judgment of conviction for five counts of criminal trespass in the second degree, ORS 164.245, two counts of criminal mischief in the second degree, ORS 164.354, and one count of possession of marijuana, ORS 475.864. We write to address only defendant's second assignment of error and reject defendant's other assignments without discussion. In defendant's second assignment of error, he asserts that the trial court erred by denying his motion for a continuance to subpoena witnesses.[1] We conclude that the trial court did not abuse its discretion in denying a continuance. Accordingly, we affirm.

The facts material to our disposition of this appeal are primarily procedural. At a trial readiness hearing (call) four days before trial, the court asked defendant, appearing *pro se*, if he was ready for trial. Defendant responded that he was ready but that he had had trouble serving subpoenas on Portland Police Bureau officers, whom he wanted to call as witnesses to testify on his behalf. He explained that he had attempted to serve the officers through the court coordinator's office 10 days before trial, in conformity with ORS 136.595(2)(b). He had arrived at the office 10 days before trial on a Friday, at 4:45 p.m., but the office was closed. On the next business day, a Tuesday, defendant again tried to serve the subpoenas to the office. The office refused to accept them because there were fewer than 10 days before the trial was to begin. At call, defendant declared repeatedly that he was ready to go to trial, but added that he believed he needed the help of the court to provide support against "institutional hamperings" and "abuses" such as being blocked from subpoenaing the police officers. The court set the trial date for four days later and told defendant to discuss the subpoena matter with the court at trial.

On the day of trial, the trial court spent the entire morning attempting to understand defendant's pretrial concerns. Much of the discussion concerned defendant's attempts

---

[1] Defendant, acting *pro se*, did not explicitly ask for a continuance, but at a trial readiness hearing and at trial the court understood defendant to be asking for a continuance to subpoena witnesses.

to subpoena the officers. Defendant explained that he wanted to subpoena the officers to testify regarding what he believed was a pattern of conduct by the police that began before the arrests at issue in the trial. Defendant stated that the testimony would show a pattern of the police refusing to aid him when he requested assistance as a crime victim and when he was in need of medical care. Instead of assisting him, defendant asserted, the police would arrest him. According to defendant, that pattern of actions exacerbated his emotionally sensitive neuropathic pain condition. Defendant claimed that that aggravation of his condition caused to him to act in ways that led to his arrests for trespass and criminal mischief. He explained that that was his defense theory to the charges against him.

Throughout their conversation, the trial court attempted to clarify and summarize defendant's position concerning the police witnesses that he tried to subpoena, to determine what, if any, action it should take on defendant's behalf before trial. The trial court told defendant that it did not see how defendant's prior interactions with the Portland Police related to the issues before the trial court. The trial court asked defendant to explain why it should delay the start of the trial to allow defendant to subpoena the police witnesses. Finally, the trial court restated its understanding of defendant's position:

> "[Y]ou want a bunch of subpoenas issued for the—the Portland Police Bureau to have officers show up, so that you can ask them questions about prior incidents with them that you believe show a pattern of police conduct of not following through on your requests for law enforcement, but instead retaliating against you leading to the exacerbation of a medical condition that you think you will be able to establish is the reason why people who excluded you from places were not doing so lawfully because given your medical condition they should have allowed you to stay.
>
> "* * * * *
>
> "* * * So we've already spent an hour and 18 minutes trying to figure out specifically what it is [you want]. * * * Of those things that you've described to me there really is no remedy."

The trial court then recessed to discuss the matter with the call judge. After resuming, the trial court reiterated that it understood that defendant was requesting a setover to subpoena the police witnesses. The trial judge then asked both defendant and the state to argue their positions on that request.

The state argued that the dates on which defendant interacted with the potential police witnesses were not directly related to the incidents charged and that the reasons defendant gave for wanting the testimony did not appear to be relevant to the charges. Defendant responded that he attempted to timely subpoena the witnesses but was unable to due to circumstances beyond his control. He added that he wanted to subpoena the police witnesses because he was concerned that his testimony about the pattern of police conduct would not be as credible as it would be if the police witnesses were to corroborate his statements. The trial court then denied defendant's request for a continuance without stating its reasons.

On appeal, defendant first argues that the trial court's denial of a continuance was an abuse of its discretion under the two-part standard set out in *State v. Moore*, 324 Or 396, 410, 927 P2d 1073 (1996). Second, defendant argues that the trial court abused its discretion because it failed to explain its reasons for denying the continuance. The state contends that the trial court did not abuse its discretion because defendant did not show that the witnesses would provide relevant, material testimony. In addition, the state asserts that defendant could not demonstrate that he was prejudiced by the denial. We agree with the state and affirm.

Granting or denying a motion for continuance is within the trial court's discretion, and we review such a decision for abuse of discretion. *State v. Thomas*, 266 Or App 642, 643, 338 P3d 762 (2014) (citing *State v. Wolfer*, 241 Or 15, 17, 403 P2d 715 (1965)). A trial court does not abuse its discretion by denying a continuance if the trial court's decision is "within the range of legally correct choices and produces a permissible, legally correct outcome." *State v. Martinez*, 224 Or App 588, 592, 198 P3d 957 (2008), *rev den,*

346 Or 364 (2009). In reviewing the denial of a motion for continuance, we determine the propriety of the motion by examining the circumstances of the case and the reasons presented to the court at the time that it denied the request. *State v. Licari*, 261 Or App 805, 808, 322 P3d 568, *rev den*, 355 Or 880 (2014).

Under *Moore*, a trial court does not abuse its discretion by denying a party's request for a continuance to secure the appearance of a witness who is unable or fails to appear at trial unless that party demonstrates that "(1) the witness can be produced; and (2) if produced, the witness would testify about a material fact." 324 Or at 410.

Here, defendant first argues that he could have met the two-part requirement for a continuance under *Moore* because the witnesses could have been produced and "the trial court's ruling prevented" him from presenting the police witnesses' "exculpatory testimony to the jury." According to defendant, the police testimony was relevant to his defense that the police, by continually arresting him and refusing to assist him, caused his neuropathic condition to worsen and become "life threatening," which caused him to act in ways that led to his arrests and to him being charged with trespass in the second degree and criminal mischief in the second degree.

Applying *Moore*, we agree that, had defendant been given a continuance to serve the police witnesses, he likely could have produced the witnesses and met the first requirement. As claimed by defendant, the only reason he was unable to subpoena the officers was because the court coordinator's office closed early on the tenth day before trial, and he was then subsequently blocked from serving them on the next business day.

But defendant's argument fails at the second *Moore* requirement. The trial court repeatedly questioned defendant about the relevance of the witnesses' testimony and, after hearing defendant's reasons multiple times, determined that the testimony would not have been materially relevant. Defendant, both below and on appeal, has not shown how the testimony would be exculpatory or relevant.

He merely asserts that the police actions caused him to act in ways that resulted in the arrests and charges at issue. Under the circumstances as described by defendant, the trial court found that the witnesses would not have produced relevant testimony. We conclude that that determination was a permissible, legally correct outcome. Thus, the trial court's denial of a continuance was not an abuse of discretion under *Moore*.

We turn next to defendant's second argument, that the trial court abused its discretion because it did not sufficiently articulate the reasons that it denied the continuance. When reviewing a trial court's decision for abuse of discretion, the record must supply enough information to allow appellate courts to engage in a meaningful review of the trial court's exercise of discretion. *State v. Kacin*, 237 Or App 66, 73, 240 P3d 1099 (2010). The trial court's explanation need not be lengthy or complex, but it must "comport with the applicable legal framework and describe the basic reasons for the court's decision." *Id.* (internal quotation marks omitted) (concluding that the trial court's bare statement that the relevant legal standard had not been met was insufficient because there was no evidence or basis for the determination given by the trial court on the record). In other words, the trial court must inquire into the circumstances under which the defendant has requested a continuance and demonstrate on the record that it has evaluated the merits of that request.

Here, although the trial court did not describe its reasons for denying the continuance when it ruled, the record demonstrates the court's reason for its decision. The trial court repeatedly attempted to determine the nature of defendant's request and understand the testimony that defendant believed the police witnesses would provide. In response to defendant's explanations, the trial court stated multiple times that, although it understood defendant's reasons for subpoenaing the police officers, it was unconvinced that the officers' testimony was relevant and would require a delay to the start of trial.

In sum, the trial court's decision was a legally permissible exercise of its discretion based on the circumstances

and reasons defendant presented. The reason that the trial court denied the continuance was also sufficiently articulated throughout the trial court's long discussion with defendant. Therefore, we conclude that the trial court did not abuse its discretion by denying defendant a continuance to subpoena witnesses.

Affirmed.