Submitted December 9, 2022, affirmed January 25, 2023

Hilario JAIMEZ,
*Plaintiff-Appellant,*

*v.*

Julia ROSALES,
*Defendant-Respondent.*

Marion County Circuit Court
20CN02391; A176104

525 P3d 92

Husband initiated a contempt proceeding against wife to enforce a provision of their marital dissolution judgment requiring wife to cooperate in obtaining a passport for their minor child. Wife eventually complied with the provision, and the parties stipulated to dismissal of the contempt proceeding. The trial court denied husband's request for a discretionary award of attorney fees. On appeal, husband challenges the fee ruling, including the adequacy of the factual findings for meaningful appellate review. *Held*: The Court of Appeals reaffirmed its approach to addressing arguments regarding the sufficiency of factual findings attendant to discretionary rulings, as described in *Moreau v. Samalin*, 295 Or App 534, 435 P3d 794 (2019). Following that approach, the court concluded that any procedural claim of error was unpreserved because husband did not request specific findings; that the trial court made adequate findings to permit meaningful appellate review of the fee ruling; and that the trial court did not abuse its discretion by denying the request for fees after considering the factors in ORS 20.075(1).

Affirmed.

Audrey J. Broyles, Judge.

Edgar Diaz filed the brief for appellant.

No appearance for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and James, Judge pro tempore.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Husband appeals a supplemental judgment denying his request for an attorney-fee award in connection with a contempt proceeding. Husband argues that the court abused its discretion in denying fees, including making inadequate findings for meaningful appellate review. Wife does not appear on appeal. We first consider how we should approach husband's argument regarding the lack of findings, particularly in light of recent Supreme Court case law. That leads us to reaffirm the approach that we took in *Moreau v. Samalin*, 295 Or App 534, 435 P3d 794 (2019). Taking that approach here, we conclude that any procedural claim of error is unpreserved; that the trial court made adequate findings to permit meaningful appellate review; and that the trial court did not abuse its discretion. Accordingly, we affirm.

FACTS

Husband and wife divorced in 2012. In June 2020, husband initiated a contempt proceeding against wife to enforce a provision of their marital dissolution judgment that required her to cooperate in obtaining a passport for their minor child. Wife subsequently retained counsel and complied. The parties then stipulated to dismissing the contempt proceeding, and it was dismissed in November 2020.

Husband moved for a discretionary award of attorney fees in the amount of $2,621. After noting the circumstances of wife's initial noncompliance and ultimate compliance with the judgment, the court stated that "considering the statute and the factors and the history of this case, I'm going to deny the request for attorney fees." Like husband, we understand "the statute" to mean ORS 20.075(1), which lists the factors that a court must consider in deciding whether to make a discretionary attorney-fee award.

The court entered a supplemental judgment denying fees. Husband appeals. He argues that the court abused its discretion by denying fees based "on the history of the case, rather than the factors of ORS 20.075." He also challenges the lack of specific findings regarding the ORS 20.075(1) factors. Wife does not appear on appeal.

## LACK OF FINDINGS

We begin with husband's challenge to the lack of findings regarding the ORS 20.075(1) factors. Husband points to the lack of findings as an indication that the court applied the wrong legal standard.

The trial court stated that it based its fee ruling on "the statute and the factors and the history of this case." Nothing in the record evinces that the court did *not* consider the factors in ORS 20.075(1), and the court expressly stated that it did. If husband wanted to preserve for appeal a *procedural* claim of error, *i.e.*, a claim that the lack of findings was an error in and of itself, then it was incumbent upon him to request findings. *See Moreau*, 295 Or App at 541 (explaining that ordinary preservation principles apply to a procedural challenge to a lack of findings). Because husband did not request findings, any *procedural* claim of error regarding the court's lack of findings is unpreserved, and we do not address it. *See id*.

Of course, a lack of findings may also be relevant to our ability to review the *substance* of a fee ruling. Husband is also challenging the substance of the fee ruling, *i.e.*, arguing that the court abused its discretion by denying a fee award. As part of that argument, husband suggests that the court's limited findings are inadequate to permit meaningful appellate review of the fee ruling.

Adequate findings "describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review." *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 190-91, 957 P2d 1200 (1998). Sometimes, even with limited findings, a court's reasoning is sufficiently ascertainable for meaningful appellate review when one considers the ruling in the context of the record as a whole. *Moreau*, 295 Or App at 538.

When that is not the case, and inadequate findings prevent us from providing meaningful appellate review of a discretionary fee ruling, we typically remand for additional findings, in accordance with *McCarthy. See Magno, LLC v. Bowden*, 313 Or App 686, 697, 496 P3d 1049 (2021) ("It is

well established that, in awarding attorney fees, a trial court need not provide complex or lengthy findings in support of its decision; we must, however, be able to determine based on the record what relevant facts and legal criteria the court relied on in determining its award."); *Moreau*, 295 Or App at 540 ("We regularly follow *McCarthy* when we are unable to conduct meaningful appellate review of a fee award."); *Olson and Olson*, 218 Or App 1, 15, 178 P3d 272 (2008) ("When a trial court makes a discretionary decision, the record must reflect a proper exercise of that discretion. Although the court's explanation need not be lengthy or complex, it must comport with the applicable legal framework and describe the basic reasons for the decision." (Internal citation omitted.)). That practice is tied to the nature of discretionary rulings; it is not limited to fee rulings. *See, e.g.*, *Muthukan and Easterbrook*, 306 Or App 579, 581, 475 P3d 459 (2020) (reversing and remanding a marital dissolution judgment, where it was "not possible to determine" the court's reasoning for the challenged property division and therefore not possible to "review whether the trial court's judgment [wa]s within its range of discretion").

When meaningful appellate review is not possible due to inadequate findings, our practice has been to remand regardless of whether the party specifically requested findings. Since 2000, when a legislative amendment to ORCP 68 in response to *McCarthy* went into effect, ORCP 68 C(4)(g) has provided a mechanism to request special findings on attorney fees. *Moreau*, 295 Or App at 541. Upon the request of a party, "the court shall make special findings of fact and state its conclusions of law on the record regarding the issues material to the award or denial of attorney fees." ORCP 68 C(4)(g). Absent such a request, "the court may make either general or special findings of fact and may state its conclusions of law regarding attorney fees." *Id*.

In *Moreau*, we held that a party's failure to request special findings under ORCP 68 C(4)(g) did not excuse the trial court from making adequate findings to permit meaningful appellate review. 295 Or App at 541-42. Relying on *Peeples v. Lampert*, 345 Or 209, 191 P3d 637 (2008), which distinguishes *procedural* and *substantive* claims of error, we summarized the effect of not requesting findings as follows:

"Because ORCP 68 C(4)(g) provides an express mechanism to request special findings on attorney fees, a party who wishes to assign error to a trial court's failure to make special findings, as a *procedural* error, will not have preserved the error unless special findings were requested in the trial court.

"At the same time, a party's choice not to request special findings does not waive the party's right to meaningful appellate review of the *substance* of a fee award. In *Peeples*, the Supreme Court addressed the appellate consequences of failing to object to a trial court's lack of special findings in support of a discretionary ruling. Applying the 'usual rules of preservation,' the court concluded that a party's failure to object to a lack of special findings in the trial court rendered that alleged procedural error unpreserved for appeal. However, it did not affect the party's ability to pursue a substantive challenge to the court's ruling. The Supreme Court emphasized that a party's failure to preserve an alleged procedural error 'precludes only a *procedural* challenge to the failure to make one or more special findings; it does not preclude review of a *substantive* challenge to the merits of the [ruling], if that challenge is preserved, as it was in this case.' The court explained that it was therefore appropriate that we had addressed the substantive assignment of error on the merits, 'while properly declining to consider, as an independent claim of error,' petitioner's challenge to the lack of findings.

"Thus, even if a party had an opportunity to request special findings and did not do so, the party may still challenge the substance of the award on appeal, as long as the party's substantive arguments are preserved. At that point, if the trial court's explanation and findings 'are sufficient for efficient and meaningful appellate review,' we proceed to the merits. If they are not, we remand to the trial court to provide an adequate explanation, which may include making findings, as discussed earlier."

295 Or App at 541-42 (internal citations omitted; emphases in original).

Consistent with *Moreau*, we would normally proceed to (1) determine whether the findings that the court made in this case are adequate to permit meaningful appellate review of its ruling, and (2) if so, review the ruling on the merits, and if not, remand for additional findings.

Before doing that, however, we pause to consider whether two recent Supreme Court cases—*State v. Anderson*, 363 Or 392, 423 P3d 43 (2018), and *Botofan-Miller and Miller*, 365 Or 504, 446 P3d 1280 (2019), *cert den*, 141 S Ct 134, 207 L Ed 2d 1079 (2020)—call into question our usual approach. In particular, we consider whether those cases preclude us from considering whether the court made adequate findings, because husband did not request findings.

In *Anderson*, a criminal defendant challenged the trial court's ruling that certain evidence was admissible under OEC 403, including arguing that the court did not explain its ruling in enough detail. 363 Or at 399. OEC 403 rulings are subject to *State v. Mayfield*, 302 Or 631, 733 P2d 438 (1987), and the *Anderson* court held that the trial court's explanation of its OEC 403 ruling satisfied the *Mayfield* standard. *Id.* at 409. The court then briefly addressed two other arguments. *Id.* First, it appeared skeptical of the state's argument that failure to object at trial to the sufficiency of the explanation should be a "complete bar" to raising the issue on appeal. *Id.* The court recognized some potential tension in the case law, however, and it saved for another day "how *Turnidge*,[1] *Peeples*, and *Mayfield* should be reconciled." *Id.* at 410. Second, the court rejected the defendant's contention that "a further explanation than *Mayfield* requires is necessary to facilitate meaningful appellate review" of an OEC 403 ruling. *Id.* The court cited *Peeples*, 345 Or at 223, for the proposition that "ordinary preservation rules apply to claims that a trial court failed to make findings necessary for meaningful appellate review." *Id.* It then concluded, "If defendant believed that further explanation than the trial court provided was necessary for meaningful appellate review, it was incumbent on him to request it. Having failed to raise that issue below, defendant cannot fault the trial

---

[1] In *State v. Turnidge (S059155)*, 359 Or 364, 443, 374 P3d 853 (2016), *cert den*, ___ US ___, 137 S Ct 665, 196 L Ed 2d 554 (2017), the Supreme Court upheld the trial court's admission of prior bad acts evidence, even though "the trial court did not specifically articulate its [OEC 403] findings in terms of the 'probative' versus 'prejudicial' value of the evidence." In *Anderson*, the court described *Turnidge (S059155)* as demonstrating that "a court will make a sufficient record under *Mayfield* if the trial court's ruling, considered in light of the parties' arguments, demonstrates that the court balanced the appropriate considerations." *Anderson*, 363 Or at 406.

court for failing to make findings beyond those required by *Mayfield*." *Id*. (internal citation omitted).

A year later, in *Botofan-Miller*, the court reviewed a trial court's decision to change custody of a child from the mother to the father. 365 Or 504. As relevant here, the mother argued that the trial court "failed to make a record reflecting its exercise of discretion" and that, consequently, it should not be assumed that the trial court applied the correct legal standard. *Id.* at 525. The court rejected that argument as unpreserved, citing *Anderson* for the proposition that "ordinary preservation rules apply to claims that a trial court failed to make findings necessary for meaningful appellate review." *Id*. The court concluded, "As this court stated in *Anderson*, 'If defendant believed that further explanation than the trial court provided was necessary for meaningful appellate review, it was incumbent on him to request it.'" *Id.* (quoting *Anderson*, 363 Or at 410).

Standing alone, the statement in both *Anderson* and *Botofan-Miller* that "ordinary preservation rules apply to claims that a trial court failed to make findings necessary for meaningful appellate review" could be read to mean that trial courts are not required to make adequate findings to permit meaningful appellate review of a discretionary ruling *unless* a party requests findings. However, upon scrutiny, we do not understand *Anderson* or *Botofan-Miller* to stand for that proposition.

*Peeples* is the original source of authority for the statement in *Anderson* that was repeated in *Botofan-Miller*. *See Botofan-Miller*, 365 Or at 525 (citing *Anderson* for the proposition that "ordinary preservation rules apply to claims that a trial court failed to make findings necessary for meaningful appellate review"); *Anderson*, 363 Or at 410 ("As *Peeples* explained, ordinary preservation rules apply to claims that a trial court failed to make findings necessary for meaningful appellate review."). In *Peeples*, the trial court dismissed a post-conviction petition as a sanction for the petitioner's conduct. 345 Or at 212. The petitioner argued on review that the court had erred by failing to make special findings to support the dismissal, as required by *Pamplin v. Victoria*, 319 Or 429, 877 P2d 1196 (1994). *Id.* at 212. The

Supreme Court rejected that claim of error as unpreserved, holding "that the usual rules of preservation apply to a challenge to a trial court's failure to make express special findings required by *Pamplin*." *Id.* at 223. That is the *Peeples* holding that is cited directly in *Anderson* and indirectly in *Botofan-Miller*.

However, after stating that holding, the *Peeples* court drastically limited it by emphasizing the narrow circumstances in which it applies:

> "In holding that the usual rules of preservation apply to a challenge to a trial court's failure to make the express special findings required by *Pamplin*, we emphasize that non-preservation of that issue precludes only a *procedural* challenge to the failure to make one or more special findings; it does not preclude review of a *substantive* challenge to the merits of the dismissal, if that challenge is preserved, as it was in this case."

*Id.* at 224 (emphases in original). The court then applied that distinction, stating, "The Court of Appeals therefore properly reached the merits of petitioner's argument that dismissal was too harsh a sanction, while properly declining to consider, *as an independent claim of error*, petitioner's challenge to the lack of a finding that dismissal was warranted." *Id.* at 224-25 (emphasis added).

That is the same distinction that we made in *Moreau* as specifically applied to attorney-fee rulings. We explained that a party must request findings to preserve for appeal a *procedural* challenge to the lack of findings. *Moreau*, 295 Or App at 541-42. However, a party may challenge the *substance* of a fee ruling on appeal as long as the substantive claim of error is preserved, with or without having requested findings, and we will remand if additional findings are necessary to permit meaningful appellate review. *Id*. In other words, separate and apart from any obligation to make findings under a particular statute or rule or upon request, a trial court is always expected to provide minimally adequate findings for meaningful appellate review of a discretionary ruling.

On close scrutiny, *Anderson* and *Botofan-Miller* do not call that approach into question. In *Anderson*, the court

explained that "in assessing the sufficiency of a trial court's explanation of its OEC 403 ruling, appellate courts should consider the trial court's ruling in light of the arguments that the parties made on the merits of the issues raised by an OEC 403 objection, as well as whether either party asked the court to provide a more complete explanation of its ruling." 363 Or at 409. The court then concluded "that the record sufficiently reflects that the trial court balanced the probative value of the [challenged evidence] against its prejudicial effect, particularly in light of defendant's failure to raise any issue at trial regarding the sufficiency of the court's explanation of its ruling." *Id*.

We understand *Anderson* to reaffirm that trial courts must provide adequate findings for meaningful appellate review, while also recognizing that, if a party wants to pin down specific findings to obtain more *thorough* appellate review, or if a party wants to challenge the lack of findings as a *procedural* error, then the party must request special findings. Absent a request for special findings, all that a party is ensured is minimally adequate findings for "meaningful" appellate review.

*Botofan-Miller* can be read consistently with that understanding. When it reached the issue of the trial court's best-interests determination, the court stated, "[W]e turn to mother's argument that the modification court committed a further error in deciding that custody modification was in child's best interest. Mother argues that the modification court failed to analyze the statutory best interest factors listed in ORS 107.137 and that, therefore, its modification of custody cannot stand." *Botofan-Miller*, 365 Or at 525. The court rejected that challenge as "unpreserved," including noting that the trial court asked the mother if she wanted "anything additional" to clarify the ruling, at which time the mother did not ask for factual findings on the statutory factors or for clarification as to the legal standard that the court had applied. *Id*. It appears that the court understood the mother's argument as an unpreserved *procedural* claim of error, rather than a substantive claim of error, which explains why it did not review the merits of the best-interests determination.

Although neither *Anderson* nor *Botofan-Miller* mentions the procedural-substantive distinction from *Peeples*, we understand them to have applied it in practice. We therefore conclude that our approach to addressing arguments that a trial court did not make adequate findings to permit meaningful appellate review of a discretionary ruling, as summarized in *Moreau* with respect to fee rulings, remains sound. Accordingly, we proceed to consider husband's challenge to the court's denial of attorney fees, including his assertion that the findings are inadequate to permit meaningful appellate review.

## DENIAL OF FEE AWARD

Turning to the substance of the fee ruling, we review the trial court's decision whether to award discretionary attorney fees for abuse of discretion. ORS 20.075(3); *Niman and Niman*, 206 Or App 400, 415, 136 P3d 1186 (2006).

The first question is whether the trial court made adequate findings for meaningful appellate review. We conclude that it did. The court made few findings, and its explanation of its reasoning was summary in nature, but it said enough to allow for meaningful appellate review when one views the ruling in the context of the arguments that the parties made. *See Moreau*, 295 Or App at 538 (the parties' framing of the issues, "the nature and breadth of objections raised, insights from a fee hearing transcript, or obvious relationships between particular objections and the amount awarded" can assist in understanding the court's reasoning). Husband addressed each of the ORS 20.075(1) factors in his written fee statement. In response, wife highlighted two factors that she thought weighed heavily against awarding fees. The parties then argued their points at a hearing. In the end, we are satisfied that the court's findings, albeit minimal, are adequate for meaningful appellate review, taking into account its oral ruling and the parties' arguments. If husband wanted more detailed findings, it was incumbent on him to request them.

The next question is whether the trial court abused its discretion by declining to make a fee award. We conclude that it did not. Under ORS 20.075(1), the court was required to consider the parties' conduct giving rise to the

proceeding, the objective reasonableness of their claims and defenses, the extent to which an award would deter good faith claims and defenses in similar cases, the extent to which an award would deter meritless claims and defenses in similar cases, the parties' objective reasonableness and diligence during the proceeding and in pursuing settlement, the amount of the prevailing party fee, and any other factors deemed appropriate by the court under the circumstances of the case. The court was then required to exercise discretion. "'Discretion' refers to the authority of a trial court to choose among several legally correct outcomes. If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion." *State v. Romero (A138124)*, 236 Or App 640, 643, 237 P3d 894 (2010) (internal quotation marks and citation omitted).

Here, the trial court could have awarded fees to husband—that no doubt would have been a legally permissible outcome—but we cannot say that that was the only permissible outcome. Limited evidence was admitted as to the reasonableness of each party's conduct. There was not a history of noncompliance with the judgment; there had been only one other incident of noncompliance in eight years. Wife obtained legal advice and then complied with the passport provision in the judgment, at which point the parties stipulated to dismissal of the contempt proceeding. The court warned wife that fees might be awarded in the event of another failure to comply. Ultimately, we are satisfied that the trial court applied the correct legal standard and, after considering the various statutory factors, reached a decision that was within the permissible range of outcomes. That is, the court did not abuse its discretion. Accordingly, we affirm.

Affirmed.