**_This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1)._**

Argued and submitted November 28, 2022, affirmed February 8, 2023

In the Matter of the Marriage of

MacKenzie Meagan DENNIS,
*Petitioner-Respondent,*
*and*

Brandan Wayne DENNIS,
aka Brandan W. Dennis,
*Respondent-Appellant.*

Columbia County Circuit Court
18DR19902; A176260

Cathleen B. Callahan, Judge.

George W. Kelly argued the cause and filed the briefs for appellant.

Thomas A. Bittner argued the cause and filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.*

JOYCE, J.

Affirmed.

_____

* Jacquot, J., *vice* James, J. pro tempore.

**JOYCE, J.**

Husband appeals from a dissolution judgment. After husband failed to provide discovery over a protracted period, including after the trial court granted a motion to compel, wife moved for sanctions against husband. The trial court granted that motion and, as a sanction, the trial court struck husband's responsive pleading, entered an order of default against him, and ordered him to pay wife's attorney fees incurred in bringing the sanctions motion. In a single assignment of error, husband contends that the court erred in striking his pleadings and entering an order of default against him. We affirm.

Husband's argument on appeal is, as we understand it, two-fold. He argues first that the trial court had "no evidence" upon which to base its findings because wife's counsel's declaration did not include language required by ORCP 1 E(2). That rule requires a declaration to state that "I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury." Husband, however, never moved to strike the declaration. His failure to do so is fatal to any argument that the trial court was prohibited from considering it. *Much v. Doe*, 311 Or App 652, 656, 493 P3d 38, *rev den*, 369 Or 69 (2021) (where declaration omitted the "penalty for perjury" clause, objecting party was required to file a motion to strike the declaration; had the party done so, the court could have directed the declarant to add the missing language).

Second, husband argues that the trial court abused its discretion in its choice of sanction. More specifically, he argues that the trial court's findings did not "indicate that it had considered whether, and to what extent, wife had been prejudiced" by the failure to produce discovery, did not "set forth the analytical process by which [it] concluded that dismissal is just," and did not reflect that the court had considered less onerous sanctions or explain why less onerous sanctions would not have been sufficient. According to husband, the court's failure to do so is fatal under *Pamplin v. Victoria*, which requires a trial court to make specific findings about

why a sanction is warranted. 319 Or 429, 436-37, 877 P2d 1196 (1994).[1]

As we understand husband's arguments, he is challenging both the trial court's failure to make specific findings as well as the substance of the trial court's discretionary sanction ruling. Although husband does not acknowledge as much, those challenges present two distinct arguments: The first challenge, to the failure to make specific findings, is a procedural claim of error, while the second is a substantive challenge. *See Peeples v. Lampert*, 345 Or 209, 217-18, 191 P3d 637 (2008) (distinguishing between a substantive challenge to a sanction versus a procedural one). The substantive challenge is itself comprised of two parts: first, whether the trial court made adequate findings for meaningful appellate review and, second, if so, whether the trial court abused its discretion in imposing the sanction. *See generally Jaimez v. Rosales*, 323 Or App 741, 525 P3d 92 (2023).

The distinction matters because we, and the Supreme Court, have repeatedly held that "the usual rules of preservation apply to a challenge to a trial court's failure to make express special findings required by *Pamplin*[,]" *i.e.*, a procedural challenge. *Peeples*, 345 Or at 212-23 (a party must alert a trial court to "its failure to make special findings" to support imposition of a sanction of dismissal); *Jaimez*, 323 Or App at 744-45 (same).

Here, husband complains about the trial court's failure to make certain findings that he contends as required by *Pamplin*. Husband, however, never objected to the court's failure to make such special findings. He had ample opportunity to do so, having filed an objection to the proposed limited judgment and then participating in a hearing during which he raised several other objections to the proposed judgment. We therefore decline to consider, "as an independent

---

[1] In *Pamplin*, the Supreme Court held that a court that dismisses a case as a sanction "must make findings of fact and must explain why that sanction is 'just'; that a finding of willfulness, bad faith, or fault of a similar degree on the part of the disobedient party is required[.]" 319 Or at 437. This court, building on *Pamplin*, subsequently concluded that the determination whether a sanction is just includes consideration of whether a party has suffered prejudice. *Markstom v. Guard Publishing Co.*, 294 Or App 338, 344, 431 P3d 443 (2018), *rev den*, 364 Or 849 (2019).

claim of error," any procedural challenge to the adequacy of the court's findings. *Peeples*, 345 Or at 225. At the same time, we recognize that the trial court was still required to make findings adequate for meaningful appellate review. *See Jaimez*, 323 Or App at 749 (recognizing that, even when no procedural claim of error was preserved, a party is still entitled to "minimally adequate findings for 'meaningful' appellate review" of a challenged substantive ruling).

We thus turn to that question. Particularly in light of the parties' framing of the issue before the court, we conclude that the court made sufficient findings to allow meaningful appellate review. *See Moreau v. Samalin*, 295 Or App 534, 538, 435 P3d 794 (2019) (the parties' framing of the issues, "the nature and breadth of objections raised, insights from a fee hearing transcript, or obvious relationships between particular objections" can assist in understanding the trial court's reasoning). In her sanctions motion, wife set forth the conduct that she believed justified sanctions and the available sanctions should the court deem one or more appropriate. The parties argued those points—both whether sanctions were justified and, if they were, what sanctions should be imposed—at two separate hearings, the hearing on the motions for sanctions and the hearing on the objection to the proposed limited judgment on sanctions. Given that context, the court's oral ruling, letter opinion, and limited judgment (the latter two of which included several findings of fact) are adequate for meaningful appellate review. Again, if husband wanted more detailed findings, "it was incumbent upon him to request" them. *Jaimez*, 323 Or App at 743.

The next question is whether the trial court abused its discretion in imposing the sanction of striking husband's pleadings and entering an order of default.[2] If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally

_____

[2] On appeal, wife argues that the *Pamplin* standard does not apply to any sanction less than dismissal of the action. That marks a different position than the one she took below, where wife specifically urged the court to follow the analysis set forth in that case. Given that the court made findings based on the *Pamplin* framework, as wife requested, we decline to address her new argument that a different, lesser standard applies.

correct outcome, then we cannot say that the trial court here abused its discretion. *State v. Romero*, 236 Or App 640, 643, 237 P3d 894 (2010) (internal quotation marks and citations omitted). Here, wife made a significant number of attempts over several years to get husband to produce the discovery that he was required, under ORS 107.089, to produce.[3] The court ordered husband to do so and set a fixed deadline, a deadline that by his own admission, husband failed to meet. Even after that deadline, the documents that husband produced failed to comply with husband's production obligations. Given that constellation of facts, we cannot conclude that the trial court's choice of sanctions was outside the realm of what was legally permissible under the circumstances.

Husband asserts that it is "unclear whether the court understood the applicable analysis and the applicable facts." In support of that assertion, husband points to the trial court's reference to there being two motions to compel—there was only one. Although the trial court stated in the opinion letter that there were two motions to compel, the court correctly stated during the hearing that there had been one and the judgment itself references the single motion to compel. Beyond that, husband does not advance any other particular substantive argument about why the court's choice to strike the pleadings, rather than imposing some other sanction, was an abuse of discretion. Given the circumstances, we conclude that it was not.

Affirmed.

---

[3] That statute requires parties to a dissolution proceeding to exchange a number of financial documents.