148 February 20, 2025 No. 129

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Vyacheslav Steven KIOROGLO,
*Plaintiff-Appellant,*

*v.*

BUSTOS MEDIA HOLDING, LLC,
an Oregon limited liability company
and Amador S. Bustos,
*Defendants-Respondents.*

Multnomah County Circuit Court
22CV25866; A181204

Celia A. Howes, Judge.

Argued and submitted November 18, 2024.

Vyacheslav Steven Kioroglo argued the cause and filed the briefs *pro se*.

Troy G. Sexton argued the cause for respondents. Also on the brief was Noah Maurer and Elevate Law Group.

Before Hellman, Presiding Judge, Lagesen, Chief Judge, and Mooney, Senior Judge.

HELLMAN, P. J.

Affirmed.

**HELLMAN, P. J.**

Plaintiff appeals from the trial court's grant of defendants' special motion to strike under ORS 31.150, commonly referred to as an "anti-SLAPP motion." On appeal, plaintiff raises several assignments of error, including assigning error to the trial court's grant of the anti-SLAPP motion.[1] For the following reasons, we affirm.

Starting in 2010, plaintiff leased airtime on a radio station from defendants. The lease gave plaintiff the ability to broadcast on the station in exchange for monthly rental payments. In 2015, plaintiff sought to purchase the station from defendants. The purchase was contingent upon plaintiff securing financing, which he was never able to do. In November 2016, plaintiff failed to make two consecutive monthly payments, and defendants suspended plaintiff's access to the station.

In 2017, plaintiff sued defendants over the failed purchase and the suspended access. The case was partially dismissed on defendants' anti-SLAPP motion. The remainder of the claims were dismissed on summary judgment.

In 2022, plaintiff brought the action that is the subject of this appeal. The claim alleged, among other things, breach of contract relating to the failed purchase of the station. Defendants again filed an anti-SLAPP motion.

To decide an anti-SLAPP motion, the trial court engages in a two-step burden shifting analysis. Defendants must first establish that "the claim against which the motion is made arises out of one or more protected activities." *Young v. Davis*, 259 Or App 497, 501, 314 P3d 350 (2013) (internal quotation marks omitted). If defendants meet that burden, "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a *prima facie* case." *Id*.

In this case, the trial court held a hearing on the motion and determined that defendants had met their

---

[1] Because the trial court dismissed the case on defendants' anti-SLAPP motion, there were no rulings on the merits of plaintiff's claims. Accordingly, we do not address plaintiff's assignments of error that focus on those issues.

burden to show that the claims arose out of a protected activity. However, because the court determined that plaintiff, who was proceeding *pro se*, was "not aware of his burden to present evidence," the court gave plaintiff 14 days to meet his burden of presenting evidence to establish a probability that he could prevail on his claims. On the date his evidence was due, plaintiff filed a motion for extension of time, asking for additional time to gather and submit his evidence. The trial court denied that motion and granted defendants' anti-SLAPP motion. This appeal followed.

We review a trial court's ruling on an ORS 31.150 "anti-SLAPP" motion for legal error. *Palmer v. Olson*, 335 Or App 586, 588, 560 P3d 79 (2024). In our review, "we take the facts from the pleadings and the supporting and opposing declarations and affidavits submitted to the trial court \*\*\* and we view the facts underlying [the] plaintiff's claim in the light most favorable to [the] plaintiff." *Deep Photonics Corp. v. LaChapelle*, 282 Or App 533, 545, 385 P3d 1126 (2016), *rev den*, 361 Or 524 (2017) (internal quotation marks omitted).

Here, the trial court found that defendants met their burden to establish that the claim against them arose out of a protected activity. Accordingly, the burden shifted to plaintiff to establish a probability that he would prevail on his claims. To do so, plaintiff was required to present "substantial evidence to support a *prima facie* case." *Young*, 259 Or App at 501. Once the burden shifts to plaintiff:

> "ORS 31.150(3) requires a plaintiff to 'submit sufficient evidence from which a reasonable trier of fact could find that the plaintiff met its burden of production.' A plaintiff fails to carry that burden when the plaintiff fails to present evidence from which a reasonable trier of fact could find that the plaintiff has established the elements of the claims."

*Davoodian v. Rivera*, 327 Or App 197, 213, 535 P3d 309 (2023) (internal citations omitted).

Instead of submitting any evidence to the trial court, plaintiff filed a motion for a continuance, asking for additional time to obtain and submit the evidence to meet his burden. Because plaintiff did not present substantial

evidence to establish a *prima facie* case of success on the merits of his claims, the trial court did not err when it granted defendants' anti-SLAPP motion.

As part of his argument, we understand plaintiff to challenge the trial court's denial of his motion for a continuance. We review trial court rulings on continuance motions for abuse of discretion. *State v. Stull*, 281 Or App 662, 666, 386 P3d 122 (2016), *rev den*, 360 Or 752 (2017). Here, based on the reasons plaintiff presented in his motion[2] as well as the trial court's prior grant of additional time, we conclude the trial court acted within the bounds of discretion when it denied plaintiff additional time to obtain evidence.

Affirmed.

---

[2] Plaintiff argues that because his reasons for seeking the continuance were handwritten, they were not read by the judge. However, the record demonstrates that the entirety of plaintiff's motion, including the handwritten reasons, was filed in the case. Moreover, defendants responded to the points plaintiff made in the handwritten portion of his motion. In addition, the February 28 pleading that plaintiff references was filed after the case was dismissed, which means that the trial court would not have been able to consider that information when ruling on the anti-SLAPP motion.