No. 34 January 28, 2026 635

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

IVAN CAM,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
21CV12539; A184027

W. D. Cramer, Jr., Senior Judge.

Submitted December 17, 2025.

Jedediah Peterson and Equal Justice Law filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

## AOYAGI, P. J.

Petitioner appeals a judgment denying post-conviction relief. In 2009, petitioner was charged with 56 offenses. A jury found him guilty on 54 counts, hung on one count, and acquitted him on one count. In 2021, after the United States Supreme Court decided *Ramos v. Louisiana*, 590 US 83, 140 S Ct 1390, 206 L Ed 2d 583 (2020), petitioner filed a petition for post-conviction relief. The case was stayed for a time and ultimately set for trial in February 2024. Less than two months before trial, petitioner moved to set over the trial date to facilitate his filing a motion to permit juror contact.[1] The post-conviction court denied the motion to set over, denied as "moot" the related motion to permit juror contact, and held trial as scheduled on petitioner's post-conviction claim. The post-conviction court ultimately denied relief. Petitioner appeals, raising three assignments of error. As explained below, we affirm.

Petitioner first assigns error to the post-conviction court's denial of his motion to set over the post-conviction trial date. Whether to grant a continuance is a discretionary decision that is reviewed on appeal for abuse of discretion. *State v. Brockway*, 330 Or App 640, 644, 544 P3d 433 (2024). In this case, petitioner does not challenge the ruling's substance but, instead, the court's lack of explanation for the denial. We understand petitioner to argue that the court needed to provide at least some explanation of its reasoning, given the discretionary nature of the decision. *See State v. Stull*, 281 Or App 662, 668, 386 P3d 122 (2016), *rev den*, 360 Or 752 (2017) ("[T]he trial court must inquire into the circumstances under which the defendant has requested a continuance and demonstrate on the record that it has evaluated the merits of that request."); *see also Jaimez v. Rosales*, 323 Or App 741, 743-50, 525 P3d 92 (2023) (recognizing principle in civil case law relating to meaningful appellate review of discretionary decisions). The state responds that the claim of error is unpreserved because petitioner did not ask for an explanation and that it also fails on the merits.

---

[1] More specifically, petitioner wanted to file a motion to obtain confidential juror records to facilitate contacting jurors. The parties treat moving to obtain the records and moving to contact the jurors as the same thing, as do we for purposes of this appeal.

A motion to obtain confidential juror records must be filed "not later than 90 days before the hearing date for the petition, unless the court allows a later filing for good cause shown." ORS 138.585(1). In requesting a set over of the trial date, petitioner sought a second chance to file a timely motion. Even assuming *arguendo* that petitioner did not need to ask the court to provide enough explanation of its ruling for meaningful appellate review, we agree with the superintendent that, on this record, it is apparent from how the issue was framed and argued that the post-conviction court denied the motion because petitioner did not put forward a good reason for waiting so long to raise the issue of contacting jurors. *See Moreau v. Samalin*, 295 Or App 534, 538, 435 P3d 794 (2019) (explaining in the context of attorney fees that, even when a lower court provides "little or no explanation" for a discretionary ruling, it may be possible to discern its reasoning from the record, by looking at how the parties framed the issue and the like). Because the basis for the court's decision is discernable from the record, despite the lack of an express statement of the court's reasoning, we reject the first assignment of error.

Petitioner next argues that the post-conviction court erred in denying his motion to contact jurors. Given the provisional nature of that filing and petitioner's own explanation to the post-conviction court of the relationship between the motion to set over the trial date and the motion to contact jurors, we agree with the superintendent that the post-conviction court did not err in denying the motion to contact jurors. Although it would have been more accurate to describe the motion as conditional, rather than moot, it was entirely in keeping with how petitioner presented it to the court for the court to deny that motion automatically once it denied the motion to set over the trial. We reject the second assignment of error.

In his final assignment of error, petitioner argues that the post-conviction court erred in denying him post-conviction relief. Petitioner contends that he is entitled to reversal of all his convictions because the record shows that one or more of those convictions was based on a nonunanimous jury verdict. The superintendent maintains that

the court correctly applied the law. We agree with the superintendent.

The Sixth Amendment requires that a jury reach a unanimous guilty verdict to convict someone of a serious offense. *Ramos*, 590 US at 93. Prior to *Ramos*, as to most serious offenses, the practice in Oregon was to instruct juries that only 10 jurors needed to agree on guilt. A series of post-*Ramos* decisions by this court and the Oregon Supreme Court have addressed when a post-conviction petitioner is entitled to reversal of a past conviction on nonunanimity grounds.

Most pertinently, when it is established that a conviction was entered based on a nonunanimous verdict, the proceeding must be recognized as fundamentally unfair, and post-conviction relief must be granted. *Watkins v. Ackley*, 370 Or 604, 633, 523 P3d 86 (2022). Conversely, when nonunanimity is *not* established—usually because there was no jury poll—post-conviction relief is unavailable. *State v. Dilallo*, 367 Or 340, 348-49, 478 P3d 509 (2020) (rejecting unpreserved challenge to nonunanimous verdict instruction on direct appeal, where no jury poll was taken); *Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815, *rev den*, 371 Or 476 (2023) (extending principle to post-conviction relief, explaining that "post-conviction petitioners cannot prove that a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous," and holding that petitioners are not entitled to post-conviction relief when they fail to prove that the verdict underlying a conviction was nonunanimous).

In this case, after receiving the verdicts, the trial court asked the presiding juror whether the verdicts were unanimous or nonunanimous. The presiding juror answered, "Both." The jurors were not polled, nor was any other inquiry made into which of the verdicts was or were nonunanimous. The trial court then asked about enhancement factors, and the presiding juror reported that the jury had "abided by the instructions" and that "at least 10 of us * * * voted 'yes' in all cases."

Given that record, it is likely that at least one of the jury's 54 guilty verdicts was nonunanimous—although it is not absolutely certain, as it is possible that all of the guilty verdicts were unanimous and that only the acquittal was nonunanimous. The problem for petitioner is that there is no way to know how many of the verdicts were nonunanimous or, more importantly, *which one(s)*. Any prejudice that petitioner suffered from the erroneous nonunanimity instruction must necessarily be assessed on a verdict-by-verdict basis. If the jury had been polled, and the poll established—for example—that three of the 54 guilty verdicts were nonunanimous, then petitioner would be entitled to reversal of the three specific convictions entered on those verdicts, but he would not be entitled to any relief as to the other convictions. It would be inequitable for petitioner to fare better for having not requested a jury poll than if he had requested one. *See Dilallo*, 367 Or at 348-49 (addressing a preservation issue with an eye to avoiding giving an unfair advantage to defendants who did not request a jury poll); *Mandell*, 326 Or App at 811 (relying on the same reasoning in extending *Dilallo* to post-conviction relief). The post-conviction court did not err in denying post-conviction relief on this record.

Affirmed.